```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
NICHOLAS D'ANGELIS, MARINUS FRANCOIS,
CHARLIE HOLLINGSWORTH, ROSITA
SCARLETT, EDWIN JONES, ELIZABETH JONES,
WILLIAM M. MILMON, SETH GARCIA, ROBERT
J. BATTINIERI JR, CHERRYWOOD REID, SON T.
DIEP, MARY ANN PORTER, TERRY HAACK,
TAMMY HAACK, PATTY STURDIVANT, RUTH
COWLES, MARY K KARKLINS, LATRAVIUS
SMITH, DENISE HARDY, ANDREA RUSSELL,
IRENE TSILIMOS, MICHAEL TODD IRVAN,
ERANDER M. GUSS, GERALD ROMAR,
MARTINO PALLADINO, GIOVANNA
PALLADINO, BIANCA ROBINSON, MARJORIE
ANN CAESAR, MICHAEL ROBERTS, MARTHA
ROBERTS, BOLANLE TOMIYE, LASHAWN
ROBINSON, WINIFRED WAFER, RONALD F.
MARQUARDT, LESLIE WILLIAMSON, MARK
WILLIAMSON, JOHN T. LASSITER, EDDIE
MCINTYRE, GENO BOBO, PAUL D. WAKLEE,
JAMES BROSIOUS, JOHN SANGIS, HECTOR L.
LEBRON, RALPH SARO, MATTHEW LINDSEY,
HARRY D. LEIPHART, JAMES BEVAN, ROGER
GAFFNEY, TINA GAFFNEY, JACQUELINE
DARBY-JONES, SANTOSHA JACKSON,
TYRONE JACKSON, LAURNA LEGREE,
ARTHUR SATTERWHITE, MONICA SMITH,
JOHN SMITH, MICHAEL JONES,
HERMENEGILDA JONES, ALISHA MEDINA,
ALICIA POWELL, ADELE M. STARKOVICH,
ALANKA HANKERSON, RODNEY RICHARDS,
JUAN LOZADA, SABRINA TAYLOR, ANGELA
COLEMAN, LYNETTE MCCOY, MATTHEW
HOFF, MARK A. SMITH, BRENDA MARTIN,
KEVIN MARTIN, GARY BELANGER, ANGELA
HARTIS, SHANISE L. CALLAHAN, CHRISTOPHE
SENAH, JONATHAN SAMUEL, BERTHA
SAMUEL, BRIAN FARLEY, THOMAS FRANKYE,
DERWIN WEST, CHERYL HARRISON-MURRAY,
RICHARD K. THOMPSON, DEBORAH FRANCIS
GAVIN, LEROY STOVER, MAYRA D. SUCREVALDES,
KENNETH E. HILL, ANGELA
GORDON, BRADLEY EVANS, LYNN
YAICHNER, MARIA L. ROBERSON-FIELDS,
```

```
MARIE J. BLAIN, CARLOS ZAMBRANA,
VARENE WILLIAMS, MARGARET JONES,
BRUCE A. CLIFTON, HENRY WALKER, STEVEN
FIELDS, JACKI L. FIELDS, ALPHONSE HARRIS
JR., ANDREA HALL BELL, THOMAS MILLER,
TWAN RHYNE, MARK TRUDEAU, JENNIFER L.
TETE, LATONDA RICHARDSON, ANGELITA B.
RODRIGUEZ, MYREI C. EDWARDS, PAMELA
TARZIA-TYLER, CHRISTOPHER P. NOLAN,
ROBERT DOUGLAS, DARRIN BAGWELL,
SUSAN SULLIVAN, WAYNE JOHNSON,
ESTELLE C. BERVINE, & JOHN ROES 1-100

                         Plaintiffs,

         -against-                              MEMORANDUM & ORDER
                                                13-CV-5472(JS)(AKT)
BANK OF AMERICA, N.A., EVERHOME
MORTGAGE COMPANY, GREEN TREE
SERVICING LLC, BAYVIEW LOAN SERVICING
LLC, M & T BANK CORPORATION, BRANCH
BANKING AND TRUST COMPANY,
NATIONSTAR MORTGAGE, LLC, & METLIFE
HOME LOANS, LLC,

                         Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:      Michael E. Herskowitz, Esq.
                     Michael Andrew Lehrman
                     The Hoffman Law Group, P.A.
                     1999 Flatbush Avenue, Suite 201
                     Brooklyn, NY 11234

For Defendants:      No appearances.
```

SEYBERT, District Judge:

On October 2, 2013, plaintiffs, a group of over 100 current and former homeowners from twenty-eight different states (collectively "Plaintiffs") and 100 "John Roe" plaintiffs, commenced this action against eight different mortgage providers and servicers from five different states (collectively,

2

"Defendants"). The Complaint seeks damages based on allegations that Defendants engaged in a variety of fraudulent and improper conduct during the origination and servicing of each Plaintiff's discrete home mortgage loan. Based on these allegations, the Complaint alleges violations of the Federal Truth in Lending Act, 15 U.S.C. §§ 1601, et seq., the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq., twenty-eight different state consumer protection statutes, as well as state law claims for breach of contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, fraudulent concealment, fraud, fraud in the inducement, and unjust enrichment.

For the following reasons, the claims of all Plaintiffs, with the exception of the claims of the first-named plaintiff, Nicholas D'Angelis, are sua sponte SEVERED pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure and are DISMISSED WITHOUT PREJUDICE to commencing separate actions related to each mortgage originated and serviced by Defendants.

BACKGROUND[1]

Plaintiffs are a group of over 100 current and former homeowners from twenty-eight different states.[2]  (Compl. ¶ 60-

---

[1] The following facts are drawn from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

3

165.) Defendants are eight mortgage providers and servicers located in five different states.[3] (Compl. ¶ 169-175.) Defendants allegedly received financing from the United States Department of Treasury in exchange for their participation in the Treasury Department's Home Affordable Modification Program ("HAMP").[4] (Compl. ¶ 1.)

According to the Complaint, each plaintiff took out a separate mortgage with one of the eight Defendants, and Defendants have serviced Plaintiffs' loans "[f]or a period

---

[2] The Complaint also includes 100 "John Roe" plaintiffs and alleges "Plaintiffs' counsel is aware of and has provided services to unnamed ROE Plaintiffs, each of whom sustained actual injury. The unnamed ROES sue under their names fictiously because they either wish to maintain their privacy or because Plaintiffs' counsel have [sic] not completed the due diligence necessary to properly plead their claims as of the filing of this Complaint." (Compl. ¶ 166.)

[3] Defendants are organized under the laws of at least three different states but the Complaint does not name the states of incorporation for three of Defendants.

[4] HAMP is a federal program created by the Treasury Department in 2009 pursuant to the Emergency Economic Stabilization Act of 2008. Gorbaty v. Wells Fargo Bank, N.A., Nos. 10-CV-3291, 10-CV-3354, 2012 WL 1372260, at *14 (E.D.N.Y. Apr. 18, 2012) (citing Rivera v. Bank of Am. Home Loans, No. 09-CV-2450, 2011 WL 1533474, at *1 (E.D.N.Y. Apr. 21, 2011). HAMP was "designed to help three to four million financially struggling homeowners by modifying loans to a level that is affordable for borrowers." Id. "HAMP provides financial incentives to loan servicers and investors to encourage them to modify the terms of existing private mortgages where foreclosures may be avoidable and modification is in the financial interests of the involved parties." Id. (footnote omitted) (quoting Phu Van Nguyen v. Bank of Am. Home Loan Servs., LP, No. 10-CV-01712, 2010 WL 3894986, at *1 (N.D. Cal. Oct. 1, 2010)).

4

ranging from months to several years prior to the commencement of this action . . . ." (Compl. ¶¶ 2, 60-165.) Plaintiffs broadly and generally allege that Defendants engaged in a variety of fraudulent and improper practices in connection with the servicing and origination of Plaintiffs' individual loans, including, but not limited to, operating a "fraudulent loan modification program" and engaging in "deceptive and predatory lending practices." (Compl. ¶¶ 1-56.) With respect to loan modification, Plaintiffs allege that Defendants defrauded Plaintiffs by "purporting to offer the possibility of a loan modification agreement," when, in reality, Defendants had no intention of providing loan modifications, but only desired to drive Plaintiffs "into default to enable Defendants to pursue foreclosure against [Plaintiffs]." (Compl. ¶¶ 28-32.) The Complaint lists numerous ways in which Defendants implemented their fraud but the Complaint does not specify which misconduct applies to which plaintiff, defendant, or loan transaction. (See generally Compl.) With respect to lending practices, Plaintiffs allege that Defendants fraudulently induced Plaintiffs into unfavorable loan agreements by "offering loans with terms that would never have been accepted by Plaintiffs based on their financial means, had it not been for Defendants' misrepresentation of material terms." (Compl. ¶¶ 33-42.) Like the allegations related to loan modification, the Complaint

5

includes countless ways Defendants engaged in improper lending practices but Plaintiffs do not include a single factual allegation linked to a specific party or transaction. (See generally Compl.)

Based on these general allegations of improper conduct, Plaintiffs assert ten different causes of action and claim that they have suffered damages, including loss of their homes, damage to their credit standing, loss of opportunity to sell their homes prior to foreclosure, and other costs and expenses. (See Compl. ¶¶ 176-312.) However, Plaintiffs do not specify which type of damage applies to which Plaintiff.

## DISCUSSION

As discussed below, Plaintiffs' claims are not properly joined pursuant to Rule 20 of the Federal Rules of Civil Procedure and judicial economy is not served by joinder of Plaintiffs' claims.

I.  Permissive Joinder of Parties

Rule 20(a)(1) permits the joinder of multiple plaintiffs in an action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1). These elements are preconditions and both must be

6

met for joinder to be proper. Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009) ("As is clear from the plain language of [the Rule], both criteria must be met for joinder to be proper."). While "[t]he requirements of Fed. R. Civ. P. 20(a) are to be interpreted liberally to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding, the requirements of the rule still must be met and constrain the Court's discretion." Kalie v. Bank of Am. Corp., --- F.R.D. ----, 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (alteration in original) (internal quotation marks and citation omitted). "If a court concludes that [parties] have been improperly joined under Rule 20, it has broad discretion under Rule 21 to sever [those] parties . . . from the action." Id.

In determining whether claims arise out of the same "transaction" or "occurrence" under Rule 20(a), "courts are to look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" Id. (quoting United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979)). Plaintiffs bear the burden of

7

demonstrating that joinder is proper under Rule 20(a). Deskovic, 673 F. Supp. 2d at 159.

Here, Plaintiffs' claims do not arise out of the same transaction or occurrence. This case involves eight different lenders and over 100 discrete loans secured at different times for separate properties across twenty-eight different states. It is well settled that separate loan transactions with different lenders are separate "transactions or occurrences" and generally are not sufficiently related to constitute a "series of transactions or occurrences" within the meaning of Rule 20(a)(1). See, e.g., Kalie, 2013 WL 4044951, at *4 (granting motion to sever claims brought by sixteen plaintiffs because each of them "entered into a different loan transaction at a different time . . . relate to a distinct property"); Abraham v. Am. Home. Mortg. Servicing, Inc., --- F. Supp. 2d ----, 2013 WL 2285205, at *4 (E.D.N.Y. May 23, 2013) ("It is well established that separate loan transactions by different lenders do not constitute a single transaction or occurrence and claims by plaintiffs who engaged in those separate transactions generally cannot be joined in a single action."); Adelphia Recovery Trust v. Bank of Am., N.A., 05-CV-9050, 2009 WL 636719, at *5 (S.D.N.Y. Mar. 5, 2009) (finding that claims against three banks lacked "transactional relatedness" and did not share common questions of law or fact with other claims in the case because

8

the loans "were issued by different banks at different times" to parties different from the other loans at issue in the case); Adams v. U.S. Bank, NA, No. 12-CV-4640, 2013 WL 5437060, at (E.D.N.Y. Sept. 27, 2013) (granting motion to sever claims because, inter alia, "Plaintiffs' claims involve different facts, different properties located in different states, different defendants, and different analyses of underlying state law giving rise to their claims of fraud and unlawful foreclosures"). Even those claims asserted by Plaintiffs against a common lender defendant do not arise out of the same "transaction" or "occurrence." Kalie, 2013 WL 4044951, at *4 ("But the mere fact of a common lender does not alone make joinder appropriate—more is needed: '[E]ven claims by plaintiffs who engaged in separate loan transactions by the same lender cannot be joined in a single action.'" (emphasis in the original) (quoting Abraham, 2013 WL 2285205, at *4 (collecting cases)).

With no common transaction or occurrence among Plaintiffs' claims, the Court therefore finds that Plaintiffs' claims are not properly joined under Rule 20(a). Accordingly, the claims of all Plaintiffs, with the exception of the claims of the first-named plaintiff, Nicholas D'Angelis, are sua sponte SEVERED pursuant to Rule 20 of the Federal Rules of Civil Procedure and DISMISSED WITHOUT PREJUDICE to commencing separate

9

actions related to each mortgage originated and serviced by Defendants. Id. at *6 (holding that where there is "no common transaction or occurrence, severance and dismissal of the misjoined claims is mandatory").

II. Severance Under Rule 21

Finally, even if Plaintiffs satisfied Rule 20(a), the Court would reach the same result in exercising its discretion under Rule 21 of the Federal Rules of Civil Procedure Rule 21 provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party . . . [and] sever any claim against any party." FED. R. CIV. P. 21.

In deciding whether to sever a claim under Rule 21, courts generally consider, in addition to the preconditions set forth in Rule 20(a), "[1] whether settlement of the claims or judicial economy would be facilitated; [2] whether prejudice would be avoided if severance were granted; and [3] whether different witnesses and documentary proof are required for the separate claims." Crown Cork & Seal Co., Inc. Master Retirement Trust v. Credit Suisse First Boston Corp., 288 F.R.D. 331, 333 (S.D.N.Y. 2013) (quoting Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd., 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011)). "A court should consider whether severance will 'serve the ends of justice and further the prompt and efficient disposition of

10

litigation.'" Crown Cork, 288 F.R.D. at 332 (quoting T.S.I. 27, Inc. v. Berman Enters., Inc., 115 F.R.D. 252, 254 (S.D.N.Y. 1987)); see also In re Ski Train Fire in Kaprun, Austria, on November 11, 2004, 224 F.R.D. 543, 546 (S.D.N.Y. 2004).

Here, joinder of over 100 different claims against eight different defendants involving the application of the laws of twenty-eight different states does not serve the interest of judicial economy. There will be little, if any, overlapping discovery and each Plaintiff's individual claims will require distinct witnesses and documentary proof. Kalie, 2013 WL 4044951, at *6 (finding that judicial economy not served by joining mortgage-related claims because "each plaintiff's claims implicate distinct loans, locations, dates and personnel . . . ."). Furthermore, settlement of the claims is likely to be facilitated if the claims relating to separate mortgage transactions are litigated separately. See Adams, 2013 WL 5437060, at * 4. In addition, "[a] joint trial could lead to confusion of the jury and thereby prejudice defendants." Kalie, 2013 WL 4044951, at * 6 (internal citation and quotation marks omitted). Thus, for these reasons, the Court also finds that the Rule 21 factors require severance of all claims besides those of the first-named plaintiff, Nicholas D'Angelis.

11

CONCLUSION

For the following reasons, the claims of all Plaintiffs, with the exception of the claims of the first-named plaintiff, Nicholas D'Angelis, are sua sponte SEVERED pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure and are DISMISSED WITHOUT PREJUDICE to commencing separate actions related to each mortgage originated and serviced by Defendants.

Any plaintiff wishing to commence a separate action must do so within thirty (30) days of the date of this Memorandum and Order.

Additionally, the statute(s) of limitations for any claim asserted herein is tolled for a period of thirty (30) days from the date of this Memorandum and Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January 16, 2014
         Central Islip, NY